IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW ARMBRUSTER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| DANIEL MARGUCCIO, PHILLIP KEIM, | ) Civil Action No. 05-344J |
| EUGENE SMITH, CHAD MILLER, SCOTT | ) |
| HAYMAKER, Mr. PAGE, Mr. MATCHO, | ) |
| CRAIG FOUST, THE JOHNSTOWN POLICE | ) Judge Kim R. Gibson/ |
| DEPARTMENT and THE CITY OF | ) Magistrate Judge Amy |
| JOHNSTOWN, | ) Reynolds Hay |
| | ) |
| Defendants | ) |
| | ) Doc. No. 49 |

**MEMORANDUM ORDER**

The above-captioned prisoner civil rights complaint was
received by the Clerk of Court on August 23, 2005, and was
referred to United States Magistrate Judge Amy Reynolds Hay for
pretrial proceedings in accordance with the Magistrates Act, 28
U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local
Rules for Magistrates.

The magistrate judge's Report and Recommendation (Doc. No.
67), filed on November 14, 2006, recommended that the Defendants'
summary judgment motion be granted in part and denied in part.
Specifically the report recommended granting summary judgment as
to all Defendants for all claims except that summary judgment
should be denied as to Defendant Marguccio but only in relation
to Plaintiff's Fourth Amendment excessive force claim which was
based on Defendant Marguccio's **first** tasering of Plaintiff. In
other words, the only issue remaining in the case is whether

Defendant Marguccio utilized excessive force in his first
tasering of Plaintiff. Service was made on the Plaintiff at SCI-
Rockview, Box A, Bellefonte, Pa., 16823, which was the address on
the docket. The Plaintiff was informed that in accordance with
the Magistrates Act, 28 U.S.C.§ 636(b)(1)(B) and (C), and Rule
72.1.4(B) of the Local Rules for Magistrates, he had ten (10)
days to file any objections. Plaintiff filed objections. Doc.
68.

None of the objections merit rejection of the report or
extended comment. In his first two objections, Plaintiff
complains that the report recommended that all of the defendants
were entitled to qualified immunity as to all claims save for the
first tasering of Plaintiff by Defendant Marguccio. The report
relied on testimony from Plaintiff's trial in which he admitted
that he engaged in involuntary movements as a result of the
taserings. In his objections, Plaintiff cites to other testimony
that he alleges the report overlooked. However, just because the
report did not mention the testimony cited by Plaintiff does not
mean that the report did not consider it. Moreover, the
testimony Plaintiff cites does not contradict or in any way
undermine the fact that Plaintiff admittedly engaged in
"involuntary" movements. The evidence he cites only confirms the
report's conclusions. See, e.g., Doc. 68-1 at 4 ("I don't think
I could feel my body while I was being tased. [sic] the

2

electricity, I think it interupts [sic] your nervous system.");
id. at 5 ("if anybody has ever been really, really, really,
really, scared, where you had a big rush of adrenaline and you
can feel it in your legs, **you have no control of your
legs**")(emphasis added). Interrupting the nervous system and lack
of control over the legs, clearly supports the fact that
Plaintiff engaged in involuntary movements.  Thus, the very
testimony pointed to by Plaintiff himself in the objections,
shows that he engaged in involuntary movements after being tased.

     Plaintiff also complains about the report's "sua sponte"
reasoning with respect to the fact that reasonable officers on
the scene could have reasonably perceived Plaintiff's self
confessed involuntary movements as being resistance.  There are
several problems with Plaintiff's arguments.  First, Plaintiff's
premise that the Defendants may not have raised this precise
defense is not necessarily accurate.  In their brief in support
of the summary judgment motion, they argued that "[i]f an officer
reasonably, but mistakenly, believed that a suspect was likely to
fight back, for instance, the officer would be justified in using
more force than in fact was needed[,]"  Doc. 50 at 12, and,
further, that "the evidence establishes that he [i.e., Plaintiff]
was resisting arrest by acting aggressively even after the
Defendants handcuffed him and repeated use of the Taser[.]" Id.
In the court's opinion, this line of argument sufficiently raises

                                3

the claim that the officers reasonably perceived Plaintiff as resisting arrest. Morever, even if we assume for the sake of argument that this line of argument did not adequately raise the issue, Plaintiff has not addressed the acknowledged authority that permits courts to sua sponte grant summary judgment on reasoning that was not offered by anyone. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."). Here, Plaintiff had notice from the Report being served on him that such an issue existed in the case and, contrary to his claims, Doc. 68-1 at 9, he had an opportunity to adduce his evidence in an attempt to rebut the conclusion that reasonable officers on the scene could have reasonably perceived his admitted involuntary movements as resisting arrest and, in fact, Plaintiff took advantage of this opportunity in his objections when he adduced his other testimony. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period

4

allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, *1 (6th Cir. 1998)(same).

Plaintiff also suggests that the time between the tasings, when the involuntary movements were allegedly not at issue and when the officers allegedly continued to beat Plaintiff, establishes that the officers used excessive force. As the report notes, Plaintiff never once mentioned in his testimony at his trial about officers kicking him, hitting him or kneeing him other than an officer placing a knee on the side of his head. Doc. 67 at 8. Even accepting Plaintiff's claim that the officers engaged in the force alleged, i.e., kicking, punching, etc., given the uncontradicted evidence of record regarding the short duration of the encounter, i.e., less than three minutes between the first and fourth taser, Doc. 52-5 at 30 (indicating first tasering occurred at 20:53:51 and last tasering occurrred at 20:55:33), and that less than one minute passed between each of the taserings, and the uncontradicted testimony of Plaintiff that the taserings caused him to engage in involuntary movements after the taserings, the use of force, as described by Plaintiff, in response to what reasonable officers could have perceived as resistance, simply does not amount to excessive force or

5

alternatively, even if it did amount to excessive force, does not defeat the qualified immunity defense.

Plaintiff also makes much of the fact that the Officers allegedly were engaging in abusive language toward him and laughing.  Doc. 68-1 at 8.  Plaintiff misunderstands that under the Fourth Amendment, as noted by the report, no matter what the allegedly malicious intent of the officers, the test is objective, and if the force was not objectively unreasonable, and the report correctly concluded that all of the force, other than the first tasering by Officer Marguccio, was not objectively unreasonable, then there is no Fourth Amendment violation.  Doc. 67 at 10.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and objections, the following order is entered:

**AND NOW**, this ____4th____ day of ___December___, 2006;

**IT IS HEREBY ORDERED** that summary judgment is **GRANTED** as to all Defendants as to all claims except summary judgment is **DENIED** as to Plaintiff's Fourth Amendment claim that Defendant Marguccio used excessive force in the first tasering of Plaintiff.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 67), filed on November 14, 2006 by Magistrate Judge Hay, is adopted as the opinion of the court.

_____
Kim R. Gibson
United States District Judge

Dated:

cc:   The Honorable Amy Reynolds Hay
      United States Magistrate Judge

      Matthew Armbruster - BK-5459
      SCI Rockview
      Box A
      Bellefonte, PA 16823

      Paul D. Krepps
      Marshall, Dennehey, Warner, Coleman & Goggin
      600 Grant Street, USX Tower - Suite 2900
      Pittsburgh, PA 15219